

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| DONALD CRAIG YARBOROUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:16-03278-MGL-KFM |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIMS FOR BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claims for DIB and SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 25, 2017. ECF No. 20. Plaintiff filed objections on November 8, 2017, ECF No. 21, and Defendant replied on November 13, 2017, ECF No. 22. The Court has carefully reviewed Plaintiff's objections but holds them to be meritless. Therefore, it will enter judgment accordingly.

Plaintiff filed his applications for DIB and SSI on July 12, 2012, asserting his disability commenced on February 1, 2012. Plaintiff's applications were denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's applications on November 13, 2014. On January 14, 2015, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, and Plaintiff appealed to this Court.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court

"must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff sets forth three objections to the Magistrate Judge's Report. First, Plaintiff argues the Magistrate Judge erred in recommending the ALJ's residual functional capacity (RFC) finding is supported by substantial evidence. Specifically, Plaintiff claims the Magistrate Judge incorrectly determined the ALJ committed no error in excluding the results from Plaintiff's April 2011 MRI and evidence of Plaintiff's reduced range of motion. The Court is unpersuaded.

As Plaintiff acknowledges, the Magistrate Judge recognized the ALJ failed to address Plaintiff's April 2011 MRI results, but the Magistrate Judge explained the MRI was conducted outside the relevant period, which started on February 1, 2012, the date Plaintiff alleges his disability commenced. *See* ECF No. 20 at 13. The Magistrate Judge further noted the ALJ stated x-rays taken during the relevant period showed spondylopathy, the same condition indicated in the MRI results. *See id.*

Plaintiff avers "there is no indication of improvement between April 2011 and February of 2012 that would negate the MRI findings[,]" ECF No. 21 at 1, and Plaintiff insists the ALJ was required to consider the MRI results in addition to the x-rays because the MRI results provide a "more exact, more descriptive diagnosis of marked spondylopathy[,]" *id.* at 3. Plaintiff fails, however, to explain why the ALJ was obligated specifically to address MRI results from approximately ten months prior to Plaintiff's alleged onset date when x-rays from the relevant time period revealed Plaintiff suffered from the same general condition the MRI results indicated. The ALJ acknowledged Plaintiff's spondylopathy, *see* ECF No. 10-2 at 29, and Plaintiff does not suggest otherwise.

Regarding evidence of Plaintiff's range of motion, Plaintiff alleges the Magistrate Judge failed to explain why the ALJ's omission of evidence regarding Plaintiff's range of motion for types of movements other than cervical spine forward flexion was acceptable. The only specific evidence Plaintiff cites as omitted by the ALJ is Dr. Thomas Motycka's (Dr. Motycka) observation Plaintiff held his head stiffly. The Magistrate Judge, however, considered the ALJ's omission of this observation by Dr. Motycka. The Magistrate Judge explained the ALJ's failure to address this statement was immaterial because it was contradictory to other findings of Dr. Motycka as well as Dr. Philip Rhine (Dr. Rhine). *See* ECF No. 20 at 13-14. Because the Court agrees with the well-reasoned conclusions of the Magistrate Judge regarding the ALJ's RFC analysis, it will overrule Plaintiff's first objection.

In Plaintiff's second objection, he asserts the Magistrate Judge wrongfully suggested the ALJ committed no error in his evaluation of Dr. Rhine's opinions and in according the opinions little weight. Plaintiff states he is "confused" by the Magistrate Judge's discussion of Dr. Rhine's lifting restrictions and Plaintiff's elbow. Plaintiff then admits he "returns to the original argument" regarding the ALJ's evaluation of Dr. Rhine's opinions. ECF No. 21 at 5. Specifically, Plaintiff maintains the ALJ erroneously concluded Plaintiff's pain was generally well-controlled with medication and improperly considered Dr. Rhine's management of Plaintiff's medication.

The Court rejects Plaintiff's suggestion the Magistrate Judge's discussion of Dr. Rhine's lifting restrictions and Plaintiff's elbow was inapposite. The Magistrate Judge's discussion on this topic demonstrated the ALJ recognized Dr. Rhine's lifting restrictions for Plaintiff are unsupported by the weight of the evidence, which is relevant to the reliability of Dr. Rhine's opinions. As Plaintiff admits, the remainder of his second objection constitutes a rehashing of

his original argument concerning the ALJ's treatment of Dr. Rhine's opinions. The Court agrees with the Magistrate Judge's analysis of this issue for the reasons set forth in the Report. Accordingly, the Court will refrain from discussing Plaintiff's contentions on the subject further and will overrule Plaintiff's second objection.

Plaintiff argues in his third objection the Magistrate Judge erred in recommending the ALJ properly evaluated Plaintiff's credibility. Plaintiff maintains the ALJ's analysis of his credibility was ambiguous, and he claims the Magistrate Judge failed to respond to this argument. Plaintiff then reiterates the arguments set forth in his initial brief. *See id.* at 8-11; ECF No. 17 at 23-25.

Plaintiff is mistaken in asserting the Magistrate Judge failed to address his arguments regarding the ALJ's credibility determination. The Magistrate Judge carefully and thoroughly considered Plaintiff's arguments on this subject and determined the ALJ's credibility assessment is supported by substantial evidence. *See* ECF No. 20 at 19-24. Furthermore, the Court agrees with the Magistrate Judge's recommendations regarding the ALJ's evaluation of Plaintiff's credibility, and the Court will therefore reject Plaintiff's third objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claims for DIB and SSI benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 11th day of December 2017 in Columbia, South Carolina.

                                                s/Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE